# IN RE NASH HARDWARE COMPANY.

TRADEMARKS; BURDEN OF PROOF; ABANDONMENT.

1. The marks "Worth" and "Our Worth," when appropriated to goods of the same descriptive qualities, would be likely to cause confusion in the mind of the public, and to deceive purchasers.                °

2. Where the attention of the applicant for registration of the words "Our Worth" as a trademark for edge tools is called by the Commissioner of Patents to the prior registration in the Patent Office of the word "Worth" as a trademark for goods of the same descriptive qualities, the burden is on the applicant to show, by reasonable and satisfactory proof, either that he was the first to adopt and use the mark, or that its use had been abandoned by the party who had registered it.

3. The affidavits submitted by the applicant for registration of the words "Our Worth" as a trademark for edge tools, to show that a prior registrant of the word "Worth" as a trademark for similar goods had abandoned the use of the mark, considered and *held* insufficient to so show.

4. *Quære*—whether the words "Our Worth," as applied to edge tools, are descriptive of the quality of the goods, and therefore not registerable as a trademark.

No. 564. Patent Appeals. Submitted March 10, 1909. Decided April 6, 1909.

HEARING on an appeal from a decision of the Commissioner of Patents rejecting an application to register a mark as a trademark.                              *Affirmed.*

The COURT in the opinion stated the facts as follows:

This appeal brings into review the decision of the Commissioner of Patents refusing to register the words "Our Worth" as a trademark for hatchets, axes, saws, pocket knives, razors, scissors, chisels, adzes, planes, and drawing knives. The grounds for the refusal are: (1) That the mark so nearly resembles a known and registered trademark of another as to be likely to cause confusion in the mind of the public, and to deceive purchasers; and (2) that it is descriptive of the quality of the goods.

During the progress of the case in the Patent Office the attention of the applicant, the Nash Hardware Company, was directed to the registration in that office, in 1899, by B. Worth & Sons, of Sheffield, England, of the word "Worth" as a trademark for cutlery and edge tools. Thereupon applicant contended that B. Worth & Sons had abandoned the use of their mark, and, as evidence of such abandonment, filed an affidavit by Mr. Nash, president of the applicant company, in which he stated that he had made diligent search "both by correspondence and personal investigation" to ascertain whether or not B. Worth & Sons had any trade in this country in edge tools under the brand "Worth," and that he had not seen any goods under such brand. Supplementing his affidavit he filed two letters, which were referred to therein. One of these letters was from a Mr. Buch of New York, who stated that the firm of Worth was formerly represented in this country by the Supplee Hdwe. Company, of Pennsylvania, but that the brand at the time he wrote was entirely obsolete, and that, in order to secure more definite information, he would write the Supplee Company, and forward their reply to applicant. The reply does not appear in the record. There does appear, however, the other letter referred to in the affidavit of Mr. Nash. This letter was from a Mr. Quirk, of New York, and stated that he had just heard from the firm's Sheffield house regarding B. Worth & Sons. The following appears in the letter from the Sheffield house: "B. Worth was a Sheffield razor grinder and we believe still

works at the stone.  His son married a little money and they blossomed out as cutlery manufacturers under the name of B. Worth & Sons, their chief line being razors, but they also make carvers, table cutlery, and butcher knives and we believe a few pen and pocket knives.  The son manages the business here. We do not think they have an agent in the United States, but are informed that they have the support either through a relative or friendly interest of someone, in one of the large hardware houses, probably Supplee's, and that this house are the only handlers of their goods in the United States."

*Mr. A. L. Jackson* for the appellant.

*Mr. Frederick A. Tennant* for the Commissioner of Patents.

Mr. Justice ROBB delivered the opinion of the Court:

That the marks "Worth" and "Our Worth," being appropriated to goods of the same descriptive qualities, would be likely to cause confusion in the mind of the public and to deceive purchasers, is too plain to admit of argument.  Under sec. 7 of the trademark act it is made the duty of the Commissioner of Patents to decline to register a mark when such conditions exist.  Having discovered, by a reference to the records of the Patent Office, evidence of the prior use of the mark "Worth" by another firm, the Commissioner, in the performance of his duty, brought that evidence to the attention of the applicant.  The burden thereupon rested upon the applicant to convince the Commissioner, by the production of reasonable and satisfactory proof, either that the applicant was the first to adopt and use the mark, or that its use had been abandoned by B. Worth & Sons.  We agree with the Commissioner that the evidence submitted is not sufficient to sustain the burden thus placed upon the applicant.  The affidavit of Mr. Nash fails to state the extent of the investigation conducted by him, and the statement in the letter from the Sheffield house to the effect that the Supplees are the only handlers of B. Worth & Sons' goods

in the United States, taken in connection with the applicant's failure to file the response by the Supplee Company to the letter written by Mr. Buch, indicates a present use of the mark in this country by B. Worth & Sons. We conclude, therefore, that the Commissioner was right in declining to register the mark to applicant. This conclusion renders it unnecessary to determine whether the mark "Our Worth" is descriptive of quality within the meaning of the trademark act.

The decision of the Commissioner of Patents is affirmed, and the clerk of this court will certify this opinion and the proceedings in this court to the Commissioner of Patents, as required by law.                                                  *Affirmed.*